Jeremy T. Bergstrom, Esq.
Arizona Bar No. 19399
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052
(702) 369-5960 / FAX (702) 369-4955
File No. 10-90019

Attorneys for Secured Creditor,
BANK OF AMERICA, N.A.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JASON SEAN CORWIN AND JAMIE VICTORIA CORWIN AKA JAMIE V. CALLAHAN-CORWIN, | Case No.: 2:09-bk-32845-SSC |
| Debtors. | |
| BANK OF AMERICA, N.A., | |
| Movant, | |
| vs. | |
| JASON SEAN CORWIN AND JAMIE VICTORIA CORWIN AKA JAMIE V. CALLAHAN-CORWIN, Debtors; ROGER W. BROWN, Trustee, | |
| Respondents. | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

BANK OF AMERICA, N.A., its assignees and/or successor in interest ("Secured Creditor" herein), moves this Court for an Order terminating the Automatic Stay so that Secured Creditor (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property, generally described as **29444 North 50th Place, Cave Creek, AZ 85331** ("Property" herein).

1

There is currently a second Trust Deed upon the Property in favor of and/or serviced by WELLS FARGO BANK, NA, securing a Promissory Note in an unknown original amount. The present unpaid principal balance of said Note is $1,000.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as Exhibit "A" is a copy of Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Secured Creditor will seek leave of Court to specify the amount of delinquency thereon at the time of Hearing.

There is currently a third Trust Deed upon the Property in favor of and/or serviced by WELLS FARGO BANK, NA, securing a Promissory Note in an unknown original amount. The present unpaid principal balance of said Note is $217,579.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as Exhibit "A" is a copy of Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Secured Creditor will seek leave of Court to specify the amount of delinquency thereon at the time of Hearing.

In the event Secured Creditor obtains title to the property at its foreclosure sale, Secured Creditor will incur substantial fees and costs in reselling the Property. Based on past experience of the Secured Creditor, the additional cost is a minimum of eight to ten percent. This cost is primarily commission fees on resale, and title and closing costs. Further, it is typical to incur further expense for putting the property in marketable condition.

Secured Creditor alleges the value of the Property to be approximately $306,000.00 based upon Schedule A-Real Property of the Debtors' Schedules. Attached hereto as Exhibit "B" is a copy of Schedule A-Real Property of the Debtors' Schedules. Secured Creditor requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached Exhibit as to the issue of value of the subject Property.

Secured Creditor alleges that there appears to be no equity with respect to the subject Property, that Secured Creditor is not adequately protected, that the Property is not necessary for

an effective reorganization, and that cause exists, in that Secured Creditor is not receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay Secured Creditor in the foreclosure of Secured Creditor's interest in the subject Property. 11 U.S.C. Section 362(d).

Secured Creditor is also entitled to attorney's fees and costs under the Note and Deed of Trust securing Secured Creditor's claim, or alternatively under 11 U.S.C. 506(b) and such other relief as the Court deems just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

### I

This Secured Creditor is the servicer and/or beneficiary of a Promissory Note dated May 14, 2003, in the principal amount of $185,000.00, which is secured by the above-referenced Deed of Trust. Copies of said Note and Deed of Trust are attached hereto as Exhibits "C" and "D" and by this reference incorporated herein.

On or about December 21, 2009, Debtors commenced the current Chapter 7 Bankruptcy proceeding in this Court.

The Debtors' total arrearages are broken down on the Supplemental Declaration of Glenda Brandel of BAC HOME LOANS SERVICING, LP on file herein.

Secured Creditor has elected to initiate foreclosure proceedings on the subject property with respect to the subject Trust Deed, and a Notice of Default and Election to Sell was recorded on September 25, 2009.

A Trustee's Sale of the subject property has not been scheduled. Secured Creditor is precluded from publishing Notice of said Trustee's Sale as a result of the Automatic Stay in force during the pendency of this instant Bankruptcy.

**SECURED CREDITOR IS ENTITLED
TO RELIEF FROM THE AUTOMATIC STAY
UNDER 11 U.S.C. SECTION 362(d)(2)**

**II**

11 U.S.C. Section 362(d) provides:

" (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

    (2) with respect to a stay of an act against property under subsection (a) of this section, if-

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization…"

Subsection (2) of 11 U. S. C. Section 362(d) allows the court to grant relief from the automatic stay if the debtor does not have equity in the subject property and if the subject property is not necessary to an effective reorganization.  In <u>In re San Clemente Estates</u>, 5 B.R. 605 (S.D. Cal. 1980), the court stated that:

"Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under Section 362(d)(1)."  (Emphasis added.)

<u>Id</u>. 5 B.R. at 610.

<u>In re Mikole Developers, Inc.</u>, 14 B.R. 524 (1981), involved a claim for relief under 11 U.S.C. Section 362(d)(2).  The court stated that in determining whether equity exists in the subject property, all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay.  <u>Id</u>. at 525.  The Ninth Circuit has concurred in this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984); see also <u>In re Mellor</u>, 734 F.2d 1396 (9th Cir.

1984). An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283,289 (Bankr. S.D. CA 1982).

In the present case, the Debtors have little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein.

**THE DEBTOR HAS THE BURDEN OF SHOWING THAT THE PROPERTY IS NECESSARY TO AN EFFECTIVE REORGANIZATION, AND ABSENT SUCH A SHOWING RELIEF FROM STAY SHOULD BE GRANTED**

**III**

A creditor is entitled to relief from the automatic stay under Section 362(d)(2) unless the debtor has met the burden of establishing that the property is "necessary to an effective reorganization." Section 362(g)(1) and (2) of the Bankruptcy Code, see In re Roselli, 10 B.R. 665 (Bankr. PA 1981).

"Effective" reorganization means that there must exist a reasonable possibility of such a successful reorganization or rehabilitation. In re Vieland, 41 B.R. 134, 142 (Bankr. Ohio 1984). Since this is a Chapter 7 case, there clearly can be no effective reorganization. Therefore, relief from stay should be granted.

Further, pursuant to Debtors' Statement of Intentions, the Debtors intend on voluntarily surrendering the subject Property. A copy of the Debtors' Statement of Intentions is attached hereto as Exhibit "E" and is incorporated herein by this reference.

///

///

///

///

5

1      WHEREFORE, Secured Creditor prays judgment as follows:

2      (1)    For an Order granting relief from Automatic Stay, permitting Secured Creditor to

3 move ahead with Foreclosure proceedings under Secured Creditor's Trust Deed, and to sell the

4 subject Property at a Trustee's Sale under the items of said Trust Deed including necessary

5 action to obtain possession of the Property.

6      (2)    For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

7      (3)    For an Order binding and effective despite any conversion of this bankruptcy case.

8      (4)    For such other relief as this Court deems appropriate.

9                  MILES, BAUER, BERGSTROM & WINTERS, LLP

10 Dated:    January 13, 2010    By:   /s/ Jeremy T. Bergstrom, Esq.
                                  Jeremy T. Bergstrom, Esq.

11                                   Attorney for Secured Creditor

12 **10-90019/azmrs.dot/mlb**

13

14

15

16

17

18

19

20

21

22

23

24

# EXHIBIT A

B6D (Official Form 6D) (12/07)

In re    Jason Sean Corwin,                          Case No. _____
         Jamie Victoria Corwin

                        Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxx - xxxxx0530 <br><br> BANK OF AMERICA <br> P.O. BOX 900 <br> GETZVILLE, NY 14068 | C | | Deed of trust - first lien <br><br> Residence: house located at 29444 N. 60th Place, Cave Creek, Arizona 85331 <br><br> Value $  306,000.00 | | | | 169,300.00 | 0.00 |
| Account No. <br><br> BANK OF AMERICA <br> 475 CROSSPOINT PARKWAY <br> P.O. BOX 9000 <br> GETZVILLE, NY 14068 | | | Representing: <br> BANK OF AMERICA <br><br> Value $ | | | | Notice Only | |
| Account No. <br><br> TIFFANY & BOSCO, P.A. <br> 2525 E. CAMELBACK RD., STE 300 <br> PHOENIX, AZ 85016 | | | Representing: <br> BANK OF AMERICA <br><br> Value $ | | | | Notice Only | |
| Account No. xxxx5217 <br><br> USAA FEDERAL SAVINGS BANK <br> 10750 MCDERMOTT FREEWAY <br> SAN ANTONIO, TX 78288 | C | | Purchase money security <br><br> 2003 Chevrolet Tahoe <br><br> Value $  6,650.00 | | | | 5,076.00 | 0.00 |

  1   continuation sheets attached

Subtotal | 174,376.00 | 0.00
(Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

In re    Jason Sean Corwin,                     Case No. _____
          Jamie Victoria Corwin

                                Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxx-1998 <br><br> WELLS FARGO BANK NA <br> P.O. BOX 2908 <br> PHOENIX, AZ 85062 | | C | Deed of trust - third lien <br><br> Residence: house located at 29444 N. 50th Place, Cave Creek, Arizona 85331 <br><br> Value $         306,000.00 | | | | 217,579.00 | 80,879.00 |
| Account No. <br><br> JABURG & WILK, P.C. <br> 3200 N. CENTRAL AVENUE, STE 2000 <br> PHOENIX, AZ 85012 | | | Representing: <br> WELLS FARGO BANK NA <br><br> Value $ | | | | Notice Only | |
| Account No. xxxxxxxxx-1998 <br><br> WELLS FARGO BANK, NA <br> P.O. BOX 4233 <br> PORTLAND, OR 97208 | | C | Deed of trust - second lien <br><br> Residence: house located at 29444 N. 50th Place, Cave Creek, Arizona 85331 <br><br> Value $         306,000.00 | | | | 1,000.00 | 0.00 |
| Account No. <br><br> WELLS FARGO HOME EQUITY <br> P.O. BOX 4116 <br> PORTLAND, OR 97205 | | | Representing: <br> WELLS FARGO BANK, NA <br><br> Value $ | | | | Notice Only | |
| Account No. <br><br><br><br> Value $ | | | | | | | | |

Sheet  <u>1</u>  of  <u>1</u>  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal <br> (Total of this page) | 218,579.00 | 80,879.00 |
|---|---|---|---|
|  | Total <br> (Report on Summary of Schedules) | 392,955.00 | 80,879.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                     Best Case Bankruptcy

# Exhibit B

In re    **Jason Sean Corwin,**
       **Jamie Victoria Corwin**

                 Case No. _____

                     Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|:---:|---:|---:|
| **Residence: house located at 29444 N. 50th Place, Cave Creek, Arizona 85331** | Fee simple | C | 306,000.00 | 387,879.00 |

| | | | | |
|---|---|---|---:|---|
| | | Sub-Total > | 306,000.00 | (Total of this page) |
| | | Total > | 306,000.00 | |
| | | | (Report also on Summary of Schedules) | |

  **0**    continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# Exhibit C

# NOTE

05/14/03          CAVE CREEK                       AZ

[Date]                        [City]                    [State]

29444 NORTH 50TH PLACE, CAVE CREEK, AZ 85331

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $  185,000.00  (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  BANK OF AMERICA, N.A.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  5.875  %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  1ST  day of each month beginning on JULY 01, 2003 I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  JUNE 01, 2033  I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  BANK OF AMERICA, P.O. BOX 9000, GETZVILLE, NY 14068-9000  or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $  1,094.35  .

## 4. BORROWER'S RIGHT TO PREPAY

I HAVE THE RIGHT TO MAKE PAYMENTS OF PRINCIPAL AT ANY TIME BEFORE THEY ARE DUE. A PAYMENT OF PRINCIPAL ONLY IS KNOWN AS A "PREPAYMENT." WHEN I MAKE A PREPAYMENT, I WILL TELL THE NOTE HOLDER IN WRITING THAT I AM DOING SO. I MAY NOT DESIGNATE A PAYMENT AS A PREPAYMENT IF I HAVE NOT MADE ALL THE MONTHLY PAYMENTS DUE UNDER THIS NOTE.

I MAY MAKE A FULL PREPAYMENT OR PARTIAL PREPAYMENT WITHOUT PAYING ANY PREPAYMENT CHARGE. AFTER PAYING ANY LATE FEES OR OUTSTANDING FEES THAT I OWE, THE NOTE HOLDER WILL USE MY PREPAYMENTS TO REDUCE THE AMOUNT OF PRINCIPAL THAT I OWE UNDER THIS NOTE. HOWEVER, THE NOTE HOLDER MAY APPLY MY PREPAYMENT TO THE ACCRUED AND UNPAID INTEREST ON THE PREPAYMENT AMOUNT BEFORE APPLYING MY PREPAYMENT TO REDUCE THE PRINCIPAL AMOUNT OF THIS NOTE. IF I MAKE A PARTIAL PREPAYMENT, THERE WILL BE NO CHANGES IN THE DUE DATES OR IN THE AMOUNT OF MY MONTHLY PAYMENT UNLESS THE NOTE HOLDER AGREES IN WRITING TO THOSE CHANGES.

BS5R 05/14/03 5:25 P

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5.0      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:
BSSN (010 1)

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

PAY TO THE ORDER OF

_____  _____ (Seal)
JASON S. CORWIN                          WITHOUT RECOURSE                      -Borrower
                                         Bank of America, N.A.

                                         BY _____ (Seal)
_____     WILLIAM L. CRAIG                   -Borrower
JAMIE CORWIN                                 ASSISTANT VICE PRESIDENT

_____ (Seal)
                                                                   -Borrower

_____ (Seal)
                                                                   -Borrower

_____ (Seal)
                                                                   -Borrower

_____ (Seal)
                                                                   -Borrower

_____ (Seal)
                                                                   -Borrower

_____ (Seal)
                                                                   -Borrower

BS5N (0101)                                                        *(Sign Original Only)*

BS5R 05/14/03 5:25 PM                 Page 3 of 3

# Exhibit D

CENTURY TITLE AGENCY

Return To: LOAN # 6826902469
FL9-700-01-01
JACKSONVILLE POST CLOSING
BANK OF AMERICA
9000 SOUTHSIDE BLVD.
BLDG 700, FILE RECEIPT DEPT.
JACKSONVILLE, FL 32256
Prepared By: JAYSON K. CHANG
    BANK OF AMERICA, N.A.
    26 EXECUTIVE PARK, SUITE 200
    IRVINE, CA 926140000

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20030656677  05/22/2003 16:36
3450445-15-2-1--
ELECTRONIC RECORDING

03450445 1/2 ─────[Space Above This Line For Recording Data]─────

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  MAY 14, 2003
together with all Riders to this document.
(B) "Borrower" is  JASON S. CORWIN AND JAMIE CORWIN

Borrower is the trustor under this Security Instrument. Borrower's mailing address is  29444 N
50TH PL, CAVE CREEK, AZ  85331

(C) "Lender" is  BANK OF AMERICA, N.A.

Lender is a  NATIONAL BANKING ASSOCIATION
organized and existing under the laws of  THE UNITED STATES OF AMERICA

ARIZONA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3003 1/01 (rev. 6/02)
VMP®-6(AZ) (0206)
Page 1 of 15                Initials:
VMP MORTGAGE FORMS – (800)521-7291
CVAZ 05/14/03 5:25 PM 6826902469

Lender's mailing address is 26 EXECUTIVE PARK, SUITE 200, IRVINE, CA

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is BANK OF AMERICA N. A.

Trustee's mailing address is P.O. BOX 2240, BREA, CA 92622

(E) "Note" means the promissory note signed by Borrower and dated MAY 14, 2003
The Note states that Borrower owes Lender ONE HUNDRED EIGHTY FIVE THOUSAND AND
00/100 Dollars
(U.S. $ 185,000.00 ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than JUNE 01, 2033
(F) "Property" means the property that is described below under the heading "Transfer of Rights
in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late
charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The
following Riders are to be executed by Borrower [check box as applicable]:

| Adjustable Rate Rider | Condominium Rider | Second Home Rider |
| Balloon Rider | Planned Unit Development Rider | 1-4 Family Rider |
| VA Rider | Biweekly Payment Rider | Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes,
regulations, ordinances and administrative rules and orders (that have the effect of law) as well as
all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees,
assessments and other charges that are imposed on Borrower or the Property by a condominium
association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction
originated by check, draft, or similar paper instrument, which is initiated through an electronic
terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize
a financial institution to debit or credit an account. Such term includes, but is not limited to,
point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire
transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or
proceeds paid by any third party (other than insurance proceeds paid under the coverages
described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or
other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv)
misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or
default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and
interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.)
and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended

Initials: _____

from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of MARICOPA :

        [Type of Recording Jurisdiction]         [Name of Recording Jurisdiction]

LOT 87, TATUM RANCH PARCEL 31A, ACCORDING TO BOOK 368 OF MAPS, PAGE 45 RECORDS OF MARICOPA COUNTY, ARIZONA. PARCEL NO. 211-42-060

Parcel ID Number: 211-42-060          which currently has the address of
29444 NORTH 50TH PLACE                                    [Street]
CAVE CREEK                     [City] , Arizona 85331       [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Initials:

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county treasurer of the county in which the sale took place.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation cost. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. **Time of Essence.** Time is of the essence in each covenant of this Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____          _____ (Seal)
                                          JASON S. CORWIN              -Borrower

                                          _____ (Seal)
                                          JAMIE CORWIN                 -Borrower

_____ (Seal)   _____ (Seal)
                       -Borrower                                 -Borrower

_____ (Seal)   _____ (Seal)
                       -Borrower                                 -Borrower

_____ (Seal)   _____ (Seal)
                       -Borrower                                 -Borrower

STATE OF ARIZONA, _Maricopa_ County ss:

The foregoing instrument was acknowledged before me this _May 16, 2003_
by _Jason S Corwin & Jamie Corwin_

My Commission Expires:

OFFICIAL SEAL
JOYCE HENDRICKS
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Sep. 5, 2006

_____
Notary Public

EXHIBIT "E"

# United States Bankruptcy Court
## District of Arizona

In re   Jason Sean Corwin
      Jamie Victoria Corwin                      Case No. _____

                               Debtor(s)         Chapter    7 _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No. 1**

| **Creditor's Name:**<br>BANK OF AMERICA | **Describe Property Securing Debt:**<br>Residence: house located at 29444 N. 50th Place, Cave Creek, Arizona 85331 |
|---|---|

Property will be (check one):
■ Surrendered                     ☐ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                    ☐ Not claimed as exempt

---

**Property No. 2**

| **Creditor's Name:**<br>USAA FEDERAL SAVINGS BANK | **Describe Property Securing Debt:**<br>2003 Chevrolet Tahoe |
|---|---|

Property will be (check one):
    ☐ Surrendered                  ■ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ■ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                    ☐ Not claimed as exempt

---

**Property No. 3**

**Creditor's Name:**
WELLS FARGO BANK NA

**Describe Property Securing Debt:**
Residence: house located at 29444 N. 50th Place, Cave Creek, Arizona 85331

Property will be (check one):
■ Surrendered          □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other.  Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt          □ Not claimed as exempt

---

**Property No. 4**

**Creditor's Name:**
WELLS FARGO BANK, NA

**Describe Property Securing Debt:**
Residence: house located at 29444 N. 50th Place, Cave Creek, Arizona 85331

Property will be (check one):
■ Surrendered          □ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
□ Other.  Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt          □ Not claimed as exempt

**PART B - Personal property subject to unexpired leases.** (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

**Property No. 1**

**Lessor's Name:**
-NONE-

**Describe Leased Property:**

Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):
□ YES          □ NO

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date _____12/17/09_____    Signature _____

                                     Jason Sean Corwin
                                     Debtor

Date _____12-17-09_____    Signature _____

                                     Jamie Victoria Corwin
                                     Joint Debtor